# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
### AT BOWLING GREEN

*Filed electronically*

| | | |
|---|---|---|
| **INDUSTRIAL AUTOMATION, INC.** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.** 1:15-CV-53-GNS |
| **v.** | ) | |
| | ) | **DEFENDANT'S NOTICE** |
| **INDUSTRIAL AUTOMATION, LLC** | ) | **OF REMOVAL** |
| **d/b/a INDUSTRIAL AUTOMATION OF** | ) | |
| **KY** | ) | |
| | ) | |
| **Defendant.** | ) | |

**\*\*\*\*\*\*\*\*\*\***

Defendant, Industrial Automation, LLC d/b/a Industrial Automation of Kentucky ("Industrial Automation" or "Defendant"), by counsel, hereby files this Notice of Removal in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. §§1441 and 1446.  In support of this Notice of Removal, Defendant states as follows:

1.     Plaintiff herein filed a civil action in Logan Circuit Court, Commonwealth of Kentucky, titled *Industrial Automation, Inc. v. Industrial Automation, LLC d/b/a Industrial Automation of Kentucky*, and assigned Case No. 15-CI-00096.

2.     Defendant received the Complaint on April 13, 2015 via certified mail through its registered agent at 75 Raines Drive, Franklin, Kentucky 42134.

3.     Copies of the Complaint and the Summons, and the Motion for Temporary Injunction, the only process, pleadings, or orders that have been served upon Defendant, are attached hereto as Exhibit A.  Defendant has not filed an Answer or otherwise responded to the Complaint or Motion for Temporary Injunction.

4.      This Notice of Removal is being filed within thirty days after Defendant's receipt through service of the Complaint, and is thus timely filed under 28 U.S.C. §1446(b).

5.      In this civil action, Plaintiff asserts claims for trademark infringement, tarnishment, and unfair competition.  Plaintiff seeks monetary damages as well as an injunction enjoining Defendant from "using the name 'Industrial Automation, LLC' or 'Industrial Automation of KY, LLC.'" (Complaint, p. 5-6.)

6.      Federal question jurisdiction is set forth in 28 U.S.C. § 1331, which provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

7.      While the face of the Complaint expressly identifies only two causes of action, both under Kentucky state law, namely "Trademark Infringement under K.R.S. § 365.601" and "Unfair Competition under Kentucky Common Law," the facts alleged in the Complaint implicate at least one exclusively federal cause of action.

8.      Under the artful-pleading doctrine, Plaintiff may not avoid removal jurisdiction by artfully casting its essentially federal law claims as state-law claims. *Berea v. Mesa Med. Group, PLLC*, 779 F.3d 352, 358 (6th Cir. 2015) (*citing Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007)).  Where it appears that Plaintiff may have carefully crafted its complaint to circumvent federal jurisdiction, courts consider whether the facts alleged in the complaint actually implicate a federal cause of action. *Id.*

9.      Prominent among Plaintiff's claims is its contention that Defendant "has tarnished [Plaintiff's] reputation and confused [Plaintiff's] customers…" (Complaint, ¶4) (emphasis added).  Indeed, the Complaint reiterates that Defendant's acts constitute "tarnishment of [Plaintiff's] reputation for being of good value." (Id., ¶18) (emphasis added).

2

10.    While the claim of tarnishment is not included in the Complaint's expressed and enumerated causes of action, it is clearly asserted in this matter and is actionable only under only the federal Lanham Act at 15 U.S.C. § 1125(c).   *See* J. THOMAS MCCARTHY, 4 MCCARTHYS ON TRADEMARKS AND UNFAIR COMPETITION 24:89.  Indeed, when the Kentucky legislature adopted the current trademark statutes at KRS 365.561-.613, which it based on the 1992 Model State Trademark Statute, the legislature chose not to adopt the provisions regarding tarnishment.  *See* Caroline Chicoine et al., The Role of State Trademark Dilution Statutes in Light of the Trademark Dilution Revision Act of 2006, 96 THE TRADEMARK REPORTER 1155, 1155-63 (2006) (noting that Kentucky has never expressly recognized a claim of tarnishment); U.S. STATE TRADEMARK AND UNFAIR COMPETITION LAW KY-1, KY-1 – KY-6  (Miles J. Alexander et al. eds., 2014) (noting that that the Kentucky legislature did not adopt any provision for tarnishment when amending the Kentucky state trademark statutes in 1994, and stating, "[n]o modern reported Kentucky decisions specifically embrace any basis for liability under Kentucky law founded on dilution [by tarnishment].");  4 MCCARTHYS 24:79.

11.    Accordingly, Plaintiff's claims of tarnishment are actionable only under federal statutory law and therefore raise a federal question. *Sign Designs, Inc. v. Johnson United, Inc.*, 2011 U.S. Dist. LEXIS 43184 (E.D. Cal. April 21, 2011) ("A claim arising under the Lanham Act states a federal question.").

12.    Notably, moreover, Plaintiff expressly relied on the federal Lanham Act when applying for the trademark it now seeks to enforce, citing to 15 U.S.C. 1052(f) and stating that Plaintiff believes that its mark has acquired distinctiveness and is entitled to registration pursuant

to Section 2(f) of the Trademark Act. (*See* Declaration of Kevin Cantrell, ¶ 15, included with Plaintiff's Trademark Application, attached as Exhibit G to Plaintiff's Complaint.)

13.     Additionally, the Sixth Circuit has explained that the Lanham Act provides "a right of action to persons engaged in interstate and foreign commerce." *Coca-Cola Co. v. Procter & Gamble Co.*, 822 F.2d 28, 29 (6th Cir. 1987) (*quoting Federal-Mogul-Bower Bearings, Inc. v. Azoff*, 313 F.2d 405 (6th Cir. 1963)).  Likewise, the use of a mark in interstate commerce gives rise to protection under federal trademark law, which gives rise to federal question subject matter jurisdiction. *See Dominic's Rest. of Dayton, Inc. v. Mantia*, 2009 U.S. Dist. LEXIS 37215, 11-15 (S.D. Ohio Apr. 20, 2009) (finding federal question subject matter jurisdiction on the basis of federal trademark protection derived from the mark's use in interstate commerce.)

14.     Plaintiff admits that it uses its mark in both Kentucky and Tennessee. (Complaint, ¶8.)  Plaintiff also emphasized that it was expanding the geographic scope of its services to include customers in Indiana and Tennessee when applying for its trademark in Kentucky. (*See* Declaration of Kevin Cantrell, ¶ 14, included with Plaintiff's Trademark Application, attached as Exhibit G to Plaintiff's Complaint.)  Thus, Plaintiff's use of its mark in interstate commerce also gives rise to federal question subject matter jurisdiction.

15.     Written notice of the filing of this Notice of Removal has been served upon counsel for Plaintiff.

16.     A true and accurate copy of this Notice of Removal has been filed with the Clerk of the Court for Logan Circuit Court, Commonwealth of Kentucky.

WHEREFORE, Defendant gives notice that the above action, initiated in Logan Circuit Court, Commonwealth of Kentucky, is hereby removed to the United States District Court for the Western District of Kentucky for the reasons set forth above.

Respectfully submitted,

s/ Joseph P. Donohue
Joseph P. Donohue (joseph.donohue@dinsmore.com)
Nicholas M. Haering (nicholas.haering@dinsmore.com)
DINSMORE & SHOHL, LLP
101 South Fifth Street
Louisville, Kentucky 40202
(502) 540-2300
(502) 585-2207 (fax)
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

It is hereby certified that the foregoing was filed electronically this 21st day of April, 2015, through the ECF system which will serve a notice of electronic filing upon the following, and that I also mailed a copy via U.S. Mail to the following:

Julie A. Tennyson
410 Broadway
Paducah, Kentucky 42001
(270) 442-4369
(270) 442-4689 (facsimile)
jtennyson@bagpad.com
*Counsel for Plaintiff*

s/ Joseph P. Donohue
*Counsel for Defendant*